THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:21-cv-199-D

| | |
|---|---|
| AMY KENNEDY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| ABBOTT LABORATORIES, INC., ABBOTT | ) |
| DIABETES CARE SALES CORPORATION, | ) |
| and ABBOTT SALES MARKETING AND | ) |
| DISTRIBUTION CO., | ) |
| Defendants | |

**STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

The parties anticipate producing certain confidential documents and information in response to discovery requests. Amy Kennedy ("Plaintiff"), and Abbott Laboratories, Inc., Abbott Diabetes Car Sales Corporation, and Abbott Sales Marketing and Distribution Co. ("Defendants"), collectively "the Parties" herein, hereby stipulate to the terms of this Stipulated Confidentiality Protective Order (the "Order") to provide for the protection of documents and information which contain confidential and/or proprietary information of that Party and/or any of her/its agents, employees, partners, parent or subsidiary entities, or other related entities, or of customers or other third parties with whom that Party does business (the "Protected Persons").

The Parties stipulate to this Order in order to provide for the discovery of certain alleged Confidential Information of the Protected Persons, as defined below, and to provide for the use of such Information solely in conjunction with the above-captioned matter. Therefore, it is hereby ordered as follows:

70818964v.1

1. "Confidential Information" shall mean and include trade secrets, confidential, proprietary, non-public, private, commercial, medical, and/or financial information of the Protected Persons, including any portion of deposition testimony by any witness (no matter by whom the witness is called), or other information the disclosure of which may cause competitive harm to the producing Party. With respect to documents which a Protected Person contends contains Confidential Information, such documents must be specifically designated as "Confidential" at the time such documents are produced or within ten (10) days thereafter in order to be treated as "Confidential Information." In particular, each document containing Confidential Information must either be plainly stamped with the term "Confidential" or be designated as "Confidential" in a writing.

2. Deposition testimony about documents or other Confidential Information shall itself be deemed Confidential Information. Other portions of deposition testimony shall be deemed Confidential only if designated as such. Such designation shall be specific as to the portions to be designated Confidential. Depositions, in whole or in part, may be designated on the record as Confidential at the time of the deposition. Deposition testimony so designated shall remain Confidential until fourteen days after delivery of the transcript by the court reporter. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated Confidential. Thereafter, those portions so designated shall be protected as Confidential pending objection under the terms of this Order.

3. Confidential Information shall be used solely in connection with Plaintiff's claims in the above-captioned matter, and shall not be used or disclosed for any other purpose unless by order of the Court. Confidential Information shall be treated as confidential by the receiving

70818964v.1

Party, and his/its attorneys and other representatives, and will not be disclosed to anyone except as provided herein or as ordered by the Court. Confidential Information produced may be disclosed only to the receiving Party, his/its attorneys, supporting personnel employed by such attorneys, any mediator assigned to the case, and the court and court personnel.

4. In accordance with the Court's Electronic Case Filing Administrative Policies and Procedures Manual, Sections V.G and V.I.4 and Local Civil Rule 79.2 regarding the filing of sealed material: except for motions filed under seal in accordance with Section V.G.1(f), each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies: (i) The exact document or item, or portions thereof, for which the filing under seal is requested; (ii) How such request to seal overcomes the common law or the First Amendment presumption to access; (iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) The reasons why alternatives to sealing are inadequate; and (v) Whether there is consent to the motion. In addition to the motion and supporting memorandum, the filing party must set out findings supporting these specifications in a proposed order to seal.

5. All copies of Confidential Information authorized to be reproduced under this Agreement will be treated as though they were originals and the confidentiality of each copy will be maintained in accordance with the terms and conditions hereof. Copies of all documents and other tangible things containing Confidential Information derived from Confidential Information shall also be treated as Confidential Information.

70818964v.1

6. A Party may challenge the designation of Confidential Information within 14 days of the making of the confidentiality designation. The Party making the confidentiality designation shall have the burden of proving to the Court that said information is properly designated as Confidential.

7. (a) Within thirty (30) days of the termination of this litigation, including any appeals, all originals and reproductions of any documents designated as Confidential Information under the Agreement shall be returned to the producing Party or destroyed in a manner designed to preserve confidentiality. If a Party elects to destroy any such documents or materials that are designated as Confidential Information, the Party shall send a written acknowledgment to the producing Party to notify the producing Party of the destruction.

(b) Notwithstanding this provision, counsel for the Parties may retain archival copies of his/its litigation files as part of his/its regular business practices, including all indices, pleadings, motions, exhibits, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain, or are derived or generated from, Confidential Information. This provision does not apply to a document to the extent it contains verbatim transcriptions of entire documents or recordings or images of entire documents or recordings that are designated as Confidential Information, unless they have been filed with the court or otherwise agreed by the parties. Any such archival copies of litigation files that contain, or are derived or generated from, Confidential Information are subject to this Agreement.

8. (a) The disclosure or production of communications, documents, or information protected by the attorney-client privilege, work product doctrine, or any other privilege ("Privileged Material") shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

(b)    Upon written notification from the producing Party to the receiving Party identifying the disclosed Privileged Material, the receiving Party shall not review or use the disclosed Privileged Material in any respect; shall within 14 days sequester, return, and delete, all copies of the inadvertently produced Privileged Material (including any and all work product containing such Privileged Material); shall take reasonable steps to retrieve such Privileged Material if the receiving Party disclosed it before being notified; and shall make no further use of such Privileged Material (or work product containing such Privileged Material).

(c)    If the receiving party receives documents, ESI, or other forms of information from the producing Party that, upon inspection or review, appear in any respect to contain or constitute Privileged Material, the receiving Party shall immediately stop review of such information, promptly sequester the potentially Privileged Material, and immediately identify the Privileged Material to the producing Party.

(d)    The receiving Party may object to the producing Party's designation of disclosed information as Privileged Material by providing written notice of such objection within seven days of its receipt of a written demand for the return of the disclosed Privileged Material. The Parties must meet and confer in good faith in an attempt to resolve any dispute regarding the designation of information as Privileged Material. If the Parties are unable to resolve any such dispute, the issue shall be resolved by the Court after an in camera review of the disclosed Privileged Material. However, the receiving Party agrees not to argue in connection with a dispute over Privileged Material that the information may not have been reviewed by the producing Party prior to its disclosure or that the producing Party did not take reasonable steps to prevent disclosure. Pending resolution of any such dispute by the Court, the receiving Party shall not review and shall not use the disclosed Privileged Material in any respect.

70818964v.1

(e)     This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to review, segregate, and withhold documents, ESI or information (including metadata) on the basis of relevance, responsiveness to discovery request, and/or privilege or other protection from disclosure.

9.     This Agreement shall serve as a stipulation and agreement between the Parties, and shall be effective immediately as to each respective Party upon signature by counsel for such Party.

IT IS SO ORDERED:

Prepared, presented, and stipulated to by:

Date: May 26, 2021                              AMY KENNEDY

By/s/    *Moses V. Brown*
Moses V. Brown, NCB# 52917
James E. Hairston, Jr., NCB# 19687
HAIRSTON LANE, P.A.
434 Fayetteville St.
Suite 2350
Raleigh, North Carolina 27601
Telephone: (919) 838-5295

Counsel for Plaintiff

Date:  May 26, 2021                             ABBOTT LABORATORIES, INC., ABBOTT
DIABETES CARE SALES CORPORATION,
AND ABBOTT SALES MARKETING AND
DISTRIBUTION CO.

By/s/ *J Stanton Hill*
Margaret M. Manos
SEYFARTH SHAW LLP
121 W. Trade St., Suite 2020
Charlotte, North Carolina  28202
Telephone: (704) 925-6060

Facsimile: (404) 724-1538
E-mail: mmanos@seyfarth.com
North Carolina Bar No. 34837

Nancy E. Rafuse
SEYFARTH SHAW LLP
1075 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30309
 (404) 704-9653
Fax: (404) 892-7056
nrafuse@seyfarth.com
Georgia Bar. No. 621717

J Stanton Hill
SEYFARTH SHAW LLP
1075 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 704-9657
Fax: (404) 892-7056
shill@seyfarth.com
Georgia Bar. No. 519958

Counsel for Defendants


This 26th day of May, 2021.

_____
Robert B. Jones, Jr.
United States Magistrate Judge