IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-199-D

| | |
|---|---|
| AMY KENNEDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER ON BILL OF COSTS** |
| ) | |
| ABBOTT LABORATORIES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the clerk on the unopposed motion for bill of costs [DE-40] filed by defendant Abbott Diabetes Care Sales Corporation. For the reasons set forth below, it is GRANTED in part.

## BACKGROUND

This action was removed to this court on April 29, 2021. Defendant filed a motion for summary judgment on July 15, 2022, which the court granted on February 1, 2023. The clerk entered judgment that same day. Defendant timely filed its motion for bill of costs on February 15, 2023, and plaintiff did not respond thereto.

## DISCUSSION

Defendant seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437,

441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014).

In this case, defendant seeks $402.00 in costs for fees of the clerk pursuant to § 1920(1) and $3,983.35 for fees of printed or electronically recorded transcripts necessarily obtained for use in the case pursuant to § 1920(2). The former costs are properly supported and allowed in full. The supporting documentation for the latter costs, however, shows charges for deposition exhibit copies, litigation support packages, witness read and sign services, and delivery and handling. This court has construed § 1920(2) and Local Civil Rule 54.1 as not encompassing those charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Parrish v. Johnston Comty. Coll., No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"). Accordingly, only transcript costs in the amount of $3,814.70 are allowed.[1]

## CONCLUSION

For the forgoing reasons, the motion for bill of costs [DE-40] is GRANTED in part. As the prevailing party, defendant Abbott Diabetes Care Sales Corporation is awarded (1) $402.00

---

[1] The disallowed costs include exhibit fees for the deposition of Matt Ezzo and exhibit fees, litigation package, witness read and sign services fee, and electronic delivery and handling fee for the deposition of Amy Kennedy.

2

in costs pursuant to § 1920(1) and (2) $3,814.70 costs pursuant to § 1920(2). Total costs in the amount of $4,216.70 are taxed against plaintiff Amy Kennedy and shall be included in the judgment.

SO ORDERED. This the 24 day of July, 2023.

Peter A. Moore, Jr.
Clerk of Court